IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHERMAINE LASTER, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:21-cv-2525-D (BT) |
| | § | |
| JANE J. BOYLE, ET AL. | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Shermaine Laster, a federal prisoner who awaits sentencing, filed a *pro* se complaint under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See* ECF No. 3 at 3. The Court granted Laster leave to proceed *in forma pauperis* but has not issued process pending judicial screening. ECF No. 7. Having screened the complaint, the Court recommends that this case be dismissed.

**Background**

In 2021, Laster was arrested for possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). *See United States v. Laster*, Criminal No. 3:21-cr-320-B (N.D. Tex. 2021). crim. doc. 1. He later pleaded guilty to that charge and currently awaits sentencing. *See* crim. doc. 65. Between his arrest and guilty plea, he filed this civil action as a pre-trial detainee in which he challenges the constitutionality of his arrest. More specifically, he claims that his arrest was invalid because he possessed the gun on a gun range that was not on federal land.

ECF No. 3 at 3, 7-8. He continues that Congress has not delegated the power to punish to the FBI; therefore, the FBI had no jurisdiction to arrest him.  ECF No. 3 at 3. Laster further alleges that the federal government does not have the power to prosecute him for illegally possessing a firearm because the power to prosecute remains with the states under the Tenth Amendment. ECF No. 3 at 4. He argues that the federal government has been justifying its indictments and convictions for violations of 18 U.S.C. § 922(g)(1) under the Commerce Clause, but that statute exceeds Congress' reach under that clause and is therefore unconstitutional. *See* ECF No. 3 at 4-5.

Laster also claims that, since he has been incarcerated, he has not been receiving his medication, which has caused him health problems. ECF No. 3 at 5, 8. He notes the large number of inmates in his jail testing positive for COVID-19 and observes that unvaccinated officers are placing him at a grave risk. ECF No. 3 at 5. Finally, he claims that the Limestone County Detention Center does not provide proper cleaning solutions to keep the holding cells and other areas clean, and, when confronted with the problem, unidentified staff responded, "I don't care." ECF No. 3 at 5.

Laster named as defendants Judge Jane J. Boyle, the district judge presiding over Laster's criminal case, in her individual capacity; Melanie Smith, the Assistant United States Attorney (AUSA) prosecuting Laster's criminal case, in her official capacity; Ken Paxton, the Texas Attorney General, in his official capacity; the Limestone County Detention Center; and the FBI.

Laster seeks $5 million in damages for emotional distress and an order directing that his criminal charges either be dropped or removed from "commerce court" and sent to civil court. ECF No. 3 at 5.

## Legal Standards

Laster's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. that section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915(A)(a) and (b).

And under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief may be granted, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

And "[a]lthough pleadings filed *pro se* are generally held to less stringent standards than those drafted by lawyers, *pro se* litigants must still reasonably comply with procedural rules." *Miller v. Lowe's Home Ctrs. Inc.*, 184 F. App'x 386, 389 (5th Cir. 2006) (per curiam) (citing *Grant v. Cuellar*, 59 F.3d 523, 524-25 (5th Cir. 1995)).

### Analysis

1. <u>Laster's claims against Judge Boyle in her individual capacity are not cognizable under *Bivens* and are also barred by absolute judicial immunity.</u>

Laster sues Judge Boyle in her individual capacity for monetary damages. ECF No. 3 at 2, 5. Because Judge Boyle is a federal judge, the claims purportedly arise under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). "The Supreme Court has authorized an implied damages remedy against federal officers for constitutional violations (*Bivens* actions) only three times." *Springer v. United States*, 2022 WL 2208516, at *1 (5th Cir. June 21, 2022) (citing *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment claim for failure to provide adequate medical assistance to an inmate); *Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment Due Process claim for gender discrimination); *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (Fourth Amendment claim for unreasonable search and seizure)); *see also Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854-55 (2017) (discussing *Carlson*, *Davis*, and *Bivens*). *Bivens* does not extend to

"new contexts"—that is, those that are "different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court." *Butler v. Porter*, 999 F.3d 287, 294 (5th Cir. 2021), *cert denied sub nom. Butler v. Porter*, 142 S.Ct. 766 (2022) (quoting *Abbasi*, 137 S.Ct. at 1864). Indeed, the Supreme Court "has consistently refused to extend *Bivens* [liability] to any new context or new category of defendants . . . for the past 30 years." *Abbasi*, 137 S.Ct. at 1857 (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001)).

Laster's claims meaningfully differ from those allowed in prior *Bivens* cases. None of the *Bivens* trilogy involved claims against a federal judge. Nor did they involve a claim for presiding over a criminal case without jurisdiction, which is the theory that Laster appears to be pursuing in his complaint. Because Laster's case involves a new theory of liability against a new category of defendant, it arises in a new context. *See*, *e.g.*, *Rote v. Committee on Judicial Conduct and Disability of Jud. Conf. of United States*,---F.Supp.3d---, 2021 WL 6197041, at *18 (D. Or. Dec. 30, 2021) (finding that *Bivens* claims against federal judges were not cognizable because they arose in new context and there were reasons counseling against extending *Bivens* to the new context). "Because Plaintiff's claims arise in a new context, the Court considers whether special factors counsel hesitation" against extending a *Bivens* cause of action to the new context *Id.*

Special factors certainly counsel hesitation here. As the Supreme Court has instructed, the court's chief considerations in this context must be "whether there are sound reasons to think Congress might doubt the efficacy or necessity of a

damages remedy, and whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020) (internal quotation marks omitted) (quoting *Abbasi,* 137 S. Ct. at 1858); *see also Canada v. United States*, 950 F.3d 299, 309 (5th Cir. 2020) (citation omitted). The legislative branch has long been on notice that the Supreme Court is disinclined to extend *Bivens* to new contexts. Yet, it has not passed legislation that would extend *Bivens* to situations even remotely similar to Laster's. Indeed, doing so would be in tension with principles of absolute judicial immunity (addressed below), which shows the issue is better left to the legislature.

Ultimately the legislative branch is best positioned to determine federal employees' exposure to monetary damages for constitutional torts, which raises separation of powers concerns. *See Rote,* 2021 WL 6197041, at *18. And this is the result that other federal courts have reached as to purported *Bivens* claims against federal judges. *See*, *e.g.*, *Id.*; *Williams v. Adams,* 2022 WL 1605518, at *2 (N.D. Ohio May 2, 2022)* (finding that Eighth Amendment claim against federal judge for allegedly deciding case against the plaintiff without subject matter jurisdiction was not cognizable under *Bivens*); *see also Knight v. Nugent,* 2020 WL 1640309, at *2 (N.D. Ohio April 2, 2020)* (dismissing *Bivens* action against district court judge and other federal officials involved in plaintiff's federal criminal case because the Supreme Court "has not recognized a remedy against a federal judge or an

AUSA to challenge a conviction or decisions made in presiding over a case or in presenting the government's case to the court").

Laster's claim against Judge Boyle in her individual capacity for allegedly presiding over a criminal case without authority is not cognizable under *Bivens*.

Further, even if a federal judge could be sued in a *Bivens* action, "[a] judge generally has absolute immunity from suits for damages." *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (citations omitted). Judicial immunity is an immunity from suit, not just the ultimate assessment of damages. *Id.* at 11 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). There are only two circumstances under which judicial immunity may be overcome. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." *Mireles*, 502 U.S. at 11 (citations omitted). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (citations omitted). Allegations of bad faith or malice are not sufficient to overcome judicial immunity. *Id.*

Laster has not alleged that Judge Boyle is liable for a non-judicial action. Instead, he seems to claim that Judge Boyle is liable for presiding over his criminal case in excess of the federal court's authority. The action of presiding over a criminal case is a judicial function. *See*, *e.g.*, *Johansson v. Conor*, 2019 WL 3209431, at *1 (E.D. Tex. May 17, 2019), *rec. accepted* 2019 WL 3211840 (E.D. Tex. July 15, 2019) ("Plaintiff complains of actions or omissions by the defendant while presiding over a criminal case, a case over which the defendant had jurisdiction.

As a result, the defendant is entitled to absolute judicial immunity with respect to plaintiff's claim for money damages.") (footnote omitted); *Paratore v. Unger*, 2022 WL 508336 at *2 (S.D. Tex. Feb. 15, 2022) ("Paratore does not allege any facts to show what Judge Unger did other than to preside over his criminal case, which is within the scope of her judicial function. He does not plead facts to overcome judicial immunity, and, therefore, his claim against Judge Unger must be dismissed.").

Laster does claim that the federal court lacked jurisdiction over his criminal proceedings, but his allegations are baseless. He alleges that the statute pursuant to which he was convicted is unconstitutional. As noted, Laster pleaded guilty to "Convicted Felon in Possession of a Firearm" in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Laster claims that § 922(g)(1) exceeds Congress's authority under the Commerce Clause and violates the Tenth Amendment.

But the Fifth Circuit has squarely—and repeatedly—upheld the constitutionality of § 992(g)(1) as a valid exercise of Congress's authority under the Commerce Clause. *See United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013); *see also United States v. Guerra*, 2022 WL 540676, at *1 (5th Cir. Feb. 23, 2022). Thus, Laster has failed to show that absolute judicial immunity would not bar his claims for monetary damages against Judge Boyle in her individual capacity.

Because Laster's claims against Judge Boyle in her individual capacity for monetary damages are not cognizable under *Bivens* and are barred by absolute judicial immunity, these claims should be dismissed.

8

B.    Sovereign immunity bars Laster's claims against AUSA Smith in her official capacity, the FBI, and Attorney General Paxton in his official capacity.

Laster also sued the AUSA prosecuting his criminal case in her official capacity. ECF No. 3 at 2. Suits against government officers in their official capacities are suits against the government itself. Kentucky v. Graham, 473 U.S. 159 (1985) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent. As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.") (citations and internal quotation marks omitted)). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471 (1994). See also Garcia v. United States, 666 F.2d 960, 966 (5th Cir. 1982) ("An individual cannot sue the United States without its consent."). "Sovereign immunity is jurisdictional in nature." Meyer, 510 U.S. at 475. "[A] waiver of the traditional sovereign immunity 'cannot be implied but must be unequivocally expressed.'" United States v. Testan, 424 392 (1976) (quoting United States v. King, 395 U.S. 1 (1969)). "Plaintiff bears the burden of showing Congress' unequivocal waiver of sovereign immunity." St. Tammany Parish, ex rel. Davis v. FEMA, 556 F.3d 307, 315 (5th Cir. 2009).

Because a suit against a federal officer in his or her official capacity, like AUSA Smith, is really a suit against the United States, Smart v. Holder, 368 F. App'x 591, 593 (5th Cir. 2010), and because Laster does not allege (and the record

does not reflect) that the federal government has waived its sovereign immunity to allow a suit such as this, the Court lacks jurisdiction over Laster's claim against AUSA Smith in her official capacity for monetary damages, and that claim should be dismissed without prejudice. *See Mauro v. Freeland*, 735 F.Supp.2d 607, 616 (S.D. Tex. 2009).[1]

The doctrine of sovereign immunity also extends to agencies of the United States, like the FBI. *See Meyer*, 510 U.S. at 475 ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *see also Warren v. Agency*, 2019 WL 6686400, at *1 (S.D. Tex. Nov. 12, 2019), *rec. accepted Warren v. Fed. Bureau Agency*, 2019 WL 6683148 (S.D. Tex. Dec. 6, 2019) (recognizing that the FBI is a federal agency). But Laster has not identified any consent or waiver of sovereign immunity that would allow him to sue the FBI for monetary damages, so Laster's claims against the FBI for monetary damages must be dismissed without prejudice for lack of subject-matter jurisdiction. *See Henderson v. Federal Bureau of Investigation*, 2021 WL 1379519, at *2 (N.D. Tex. March 18, 2021), *rec. accepted* 2021 WL 1378771 (N.D. Tex. Apr. 12, 2021) (dismissing claim against FBI without prejudice for lack of subject matter

---

[1] Alternatively, even if the federal government were not protected by sovereign immunity in this case, a *Bivens* action may not be brought against the federal government. *See Affiliated Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999) ("*Bivens* . . . provides a cause of action only against government officers in their individual capacities."). Therefore, to the extent that Laster has sued AUSA Smith (or, for that matter, Judge Boyle) in her official capacity under *Bivens*, Laster has failed to state a claim upon which relief can be granted.

jurisdiction where the plaintiff failed to identify a consent or waiver of sovereign immunity that would permit her suit to go forward against the federal agency).[2]

Laster has also sued Texas Attorney General Ken Paxton in his official capacity. *See* ECF No. 3 at 2. The Eleventh Amendment typically deprives federal courts of jurisdiction over "suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014). Thus, absent a waiver or exception, the Eleventh Amendment bars the official-capacity claims against Paxton. Laster has not identified a waiver on Texas' part allowing the suit against Paxton.

Nor has he shown that the *Ex parte Young* exception to Eleventh Amendment immunity should apply. Under the *Ex parte Young* exception to sovereign immunity, lawsuits may proceed in federal court when a plaintiff requests prospective relief against state officials in their official capacities for ongoing federal violations. 209 U.S. 123, 159-60 (1908). Thus, "[t]here are three basic elements of an *Ex parte Young* lawsuit. The suit must: (1) be brought against

---

[2] The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, "waives sovereign immunity and permits suits against the United States sounding in state tort for money damages." *Freeman v. United States*, 556 F.3d 326, 335 (5th Cir. 2009). But FTCA claims are properly brought against the United States—not federal agencies. *Galvin v. Occupational Safety and Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). So, if Laster is trying to sue the FBI under the FTCA, his claim must be dismissed. *See Esquivel-Solis v. United States*, 472 F. App'x 338, 339 (5th Cir. 2012) (per curiam) (FTCA claims against a federal agency must be dismissed for lack of jurisdiction).

state officers who are acting in their official capacities; (2) seek prospective relief to redress ongoing conduct; and (3) allege a violation of federal, not state, law." *Williams ex rel. J.E. v. Reeves*, 954 F.3d 729, 736 (5th Cir. 2020). But here, Laster's allegations do not appear to concern Attorney General Paxton at all. There is certainly no indication that he is seeking "prospective relief to redress" Attorney General Paxton's ongoing conduct. Indeed, the only non-monetary relief that Laster seeks is an order dismissing the charges against him, but the charges against Laster are federal in nature, and Attorney General Paxton is a state official. And, at any rate, as explained below, this Court cannot interfere in Laster's pending criminal action by granting that kind of relief.

Laster has not shown that an exception or waiver to Eleventh Amendment immunity applies, so his official-capacity claims against Attorney General Paxton should be dismissed with prejudice under the Eleventh Amendment.

C.    The Limestone County Detention Center is a not a legal entity that is capable of being sued.

Laster has sued the Limestone County Detention Center. However, the Limestone County Detention Center is not a legal entity that is capable of being sued. *See*, *e.g.*, *Ortiz v. Hernandez*, 2020 WL 7259258, at *2 (W.D. Tex. Dec. 9, 2020) (noting that the Travis County Detention Center is not a legal entity capable of being sued) (citing *Guidry v. Jefferson County Detention Center*, 868 F.Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County Detention Center is not a legal entity subject to suit); *Darby v. Pasadena Police Dep't*, 939 F.2d 311

(5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action). Therefore, Laster's claims against the Limestone County Detention Center should be dismissed.

Even if Laster amended to name the correct entity, Limestone County, his apparent claims against it would be meritless. He seems to allege that the detention center is at fault for not providing him with his medication, not requiring that all its officers be vaccinated against COVID-19, and for not ensuring that the cells and common areas are sanitary. ECF No. 3 at 5. But he fails to allege any "physical injury" in connection with these allegations sufficient to support a claim for compensatory damages, which is the only kind of relief he seeks from the detention center. Specifically, the Prison Litigation Reform Act (PLRA) provides that: "No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for mental or emotional injury while in custody without a prior showing of a physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e).

It appears that Laster only seeks damages against the jail (or county if correctly named) for emotional distress. But because he has not alleged a physical injury, the PLRA bars this kind of relief. Thus, even if Laster named the right entity, he fails to state a claim.

D.    <u>Laster's request for this Court to order that his criminal charges be dropped should be dismissed because this Court may not interfere in ongoing federal criminal proceedings.</u>

Finally, the Court considers Laster's request for an order that his federal criminal charges, to which he has pleaded guilty, be dropped. ECF No. 3 at 5. As noted, Laster pleaded guilty to the criminal charges against him but has not yet been sentenced. Accordingly, his federal proceedings are ongoing. And based on the same logic set forth in *Younger v. Harris*, 401 U.S. 37 (1971), which held that federal courts may not stay or enjoin pending state court proceedings except under extraordinary circumstances, federal courts have refused to intervene or interfere with pending federal criminal proceedings. *See*, *e.g.*, *Ceglia v. Zuckerberg*, 600 F. App'x 34, 37-38 (2d Cir. 2015) (under *Younger*, a court may civilly enjoin a criminal prosecution only "where the danger of irreparable loss is both great and immediate," but "[g]enerally, no danger exists where the defendant has the opportunity to offer a defense in the criminal prosecution . . . in a federal forum") (citing *Deaver v. Seymour*, 822 F.2d 66, 69 (D.C. Cir. 1987) (affirming denial of an attempt to enjoin prosecution by an independent counsel, and noting that "in no case that we have been able to discover has a federal court enjoined a federal prosecutor's investigation or presentment of an indictment")); *Kajtazi v. Johnson-Skinner*, 2017 WL 436038, at *2 (S.D.N.Y. Jan. 30, 2017) ("Because there are adequate remedies available to [petitioner] within the underlying criminal proceedings to address the issues raised in his Complaint, the application for an

injunction is properly dismissed.") (citation and internal quotation marks and alterations omitted).

The rationale that these cases employ—namely, that the plaintiff/criminal defendant can offer his defense in the ongoing federal criminal proceedings— applies here. Laster already has a federal forum in which to present his arguments against his arrest. If he wants to litigate the claims raised in this complaint there, he can do so by filing the appropriate motion in the criminal action, and, if unsatisfied, he may raise the issue on direct appeal or in a motion under 28 U.S.C. § 2255. S*ee Dupigny v. United States*, 2021 WL 663317, at *3 (S.D.N.Y. Feb. 17, 2021).[3] Therefore, *Younger* abstention precludes his request for the Court to order that his federal criminal charges be dropped.

### Leave to Amend

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL

---

[3] The *Younger* abstention doctrine does not preclude the Court from reaching Laster's claims for monetary damages because "[t]he *Younger* abstention doctrine does not apply to claims for monetary relief." *Thomas v. State*, 294 F.Supp.3d 576, 593 (N.D. Tex. 2018) (citation omitted).

789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. But "granting leave to amend is not required if the plaintiff has already pleaded his 'best case.'" *Bryant v. Wells Fargo Bank*, 2018 WL 4290791, at *4 (N.D. Tex. Aug. 23, 2018) (citing *Wiggins v. La. State Univ.—Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017), *rec. accepted* 2018 WL 4283556 (N.D. Tex. Sept. 7, 2018)).

As explained, Laster's claims are fatally infirm. He has already pleaded his best case, and further leave to amend is unwarranted and would lead to unnecessary delay.

## Conclusion

The Court should dismiss Laster's claims against Judge Boyle in her individual capacity and the Limestone County Detention Center with prejudice for failure to state a claim upon which relief can be granted. The Court should dismiss Laster's claims against AUSA Smith in her official capacity, the FBI, and Attorney General Paxton in his official capacity without prejudice for lack of subject matter jurisdiction. The Court should dismiss, pursuant to the *Younger* abstention doctrine, Laster's request for the dismissal of his federal criminal charges.

SO RECOMMENDED.

August 4, 2022.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).